[Cite as *State v. Heard*, 2014-Ohio-5394.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                  :

     Plaintiff-Appellee,                     :

     - vs -                                  :

QUENTRELL L. HEARD,                       :

     Defendant-Appellant.               :

CASE NOS. CA2014-02-024
CA2014-02-025
CA2014-05-118

O P I N I O N
12/8/2014


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-03-0486


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Quentrell L. Heard, appeals his convictions for multiple drug offenses in three separate cases in the Butler County Court of Common Pleas, for which he was sentenced to serve three, consecutive, 12-month prison terms. Appellant argues the trial court's decision ordering him to serve his three terms consecutively was contrary to law, since the trial court failed to make the requisite findings for imposing consecutive sentences. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On July 9, 2012, appellant was indicted in Case No. CR2012-06-1034 for trafficking in heroin, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) (Count One); possession of heroin, a fifth-degree felony, in violation of R.C. 2925.11 (Count Two); trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) (Count Three); possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11 (Count Four). On August 27, 2012, appellant pled guilty to Count One, and the state merged the remaining counts.

{¶ 3} On January 16, 2013, appellant was indicted in Case No. CR2013-01-0033 on four counts of trafficking in heroin, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) (Counts One, Three, Five and Nine); four counts of possession of heroin, a fifth-degree felony, in violation of R.C. 2925.11 (Counts Two, Four, Six and Ten); trafficking in heroin, a third-degree felony, in violation of R.C. 2925.03(A)(2) (Count Seven); possession of heroin, a third-degree felony, in violation of R.C. 2925.11 (Count Eight); aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11 (Count Eleven). Specifications under R.C. 2981.04 and 2941.1417 were added to the charges of trafficking in heroin in Counts One, Three, Five, Seven and Nine. On December 3, 2013, appellant pled guilty to Counts One, Three, Five and Nine, to an amended Count Seven, which was reduced to a fourth-degree felony in violation of R.C. 2925.03(A)(2), and to the specifications attached to each of those counts. In exchange for appellant's guilty plea to these charges, the state agreed to merge Counts Two, Four, Six, Eight, Ten and Eleven.

{¶ 4} On April 3, 2013, appellant was indicted in Case No. CR2013-03-0486 for permitting drug abuse, a fifth-degree felony, in violation of R.C. 2925.13(A). Appellant pled guilty to this charge on December 3, 2013.

{¶ 5} Case Nos. CR2012-06-1034, CR2013-01-0033 and CR2013-03-0486 were

consolidated for purposes of sentencing. The trial court sentenced appellant to 12 months in prison for his convictions in Case No. CR2013-01-0033. The trial court sentenced appellant to 12 months in prison for his conviction in Case No. CR2013-03-0486 and ordered him to serve this sentence consecutive to his sentence in Case No. CR2013-01-0033. The trial court sentenced appellant to 12 months in prison for his conviction in Case No. CR2012-06-1034 and ordered him to serve this sentence consecutive to his sentence in Case No. CR2013-03-0486.

{¶ 6} Appellant now appeals his convictions in Case Nos. CR2012-06-1034, CR2013-01-0033 and CR2013-03-0486, and assigns the following as error:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO CONSECUTIVE TERMS OF TWELVE MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 8} Appellant argues the trial court's decision to order him to serve his three, 12-month prison terms consecutively is contrary to law because the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) to impose consecutive sentences on him.

{¶ 9} R.C. 2929.14(C) states in pertinent part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part

of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} R.C. 2929.14(C)(4) requires a trial court to engage in a three-step analysis and make certain findings before imposing consecutive sentences. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the three circumstances listed in R.C. 2929.14(C)(4)(a)-(c) applies. One of these three circumstances is that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c).

{¶ 11} A trial court satisfies the requirement of making the findings required under R.C. 2929.14(C)(4) "when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. When imposing consecutive sentences, a trial court is not required to provide "a word-for-word recitation of the language of the statute" or articulate reasons supporting its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 27, 29; *Setty* at ¶ 113. However, the record must be sufficient for a reviewing court to determine that the trial court engaged in the required sentencing analysis and made the findings required by the statute. *Bonnell* at ¶ 29, 36. When imposing consecutive sentences, the trial court "is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Id.* at ¶ 37. "A trial court's inadvertent failure to incorporate the [R.C. 2929.14(C)(4)] findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30. However, "a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence." *Id.*

{¶ 12} During the sentencing hearing, the trial court noted that appellant had a long standing history of drug trafficking from which he had benefitted financially. The trial court sentenced appellant to a 12-month aggregate prison term for his convictions in Case No. CR2013-01-0033. The trial court sentenced appellant to a 12-month prison term for his conviction in Case No. CR2013-03-0486. At this point, the prosecutor asked the trial court if it was making appellant's sentence in Case No CR2013-03-0486 consecutive to, or concurrent with, appellant's sentence in Case No. CR2013-01-0033, and the trial court replied, "Consecutive." The prosecutor then asked the trial court the following:

> MR. KASH:  * * * Your Honor, is the Court making the findings that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that they are not disproportionate to the seriousness of his conduct and to the danger that he poses to the public, and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant?
>
> THE COURT:  Yes, that's –
>
> MR. KASH:  Thank you.

{¶ 13} The trial court then sentenced appellant to a 12-month prison term for his conviction in Case No. CR2012-06-1034 and ordered him to serve this sentence consecutive to his sentence in CR2013-03-0486. When the prosecutor asked the trial court if it was

making the "same findings" in Case No. CR2012-06-1034 that it made in CR2013-03-0486, the trial court replied, "Same findings."

{¶ 14} Appellant argues the sentence imposed by the trial court is contrary to the provisions of R.C. 2929.14, because the trial court did not specify any of the necessary findings in the record. Appellant states that the assistant prosecutor "read the statute into the record and the trial court only answered in the affirmative." Appellant asserts that "[i]t is unclear if the trial [sic] agreed with all or part of the necessary findings needed to impose consecutive sentences" and that "[w]ithout this specificity, the trial court's imposition of consecutive sentences is contrary to law." We find this argument unpersuasive.

{¶ 15} The trial court affirmatively stated on the record that it was making the findings stated by the prosecutor, i.e.:

> that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that they are not disproportionate to the seriousness of his conduct and to the danger that he poses to the public, and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant[.]

The trial court was required to make all three of these findings in order to impose consecutive sentences on him. R.C. 2929.14(C)(4). While the trial court's action in sentencing appellant is not the preferred practice, the sentence the trial court imposed on appellant was not "clearly and convincingly contrary to law." *See* R.C. 2953.08(G)(2) and *State v. Money*, 12th Dist. Clermont No. CA2013-02-016, 2013-Ohio-4535, ¶ 6-13.

{¶ 16} Accordingly, appellant's assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.