[Cite as *State v. Montgomery*, 2015-Ohio-3255.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-1057 |
| | | (C.P.C. No. 12CR-6125) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Albert L. Montgomery, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 13, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Albert L. Montgomery, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to an aggregate prison term of 16 years for his convictions for trafficking in cocaine and illegal manufacture of drugs. For the following reasons, we affirm and remand with instructions.

I. Facts and Procedural History

{¶ 2} In December 2012, Montgomery was indicted on three counts of trafficking in cocaine, in violation of R.C. 2925.03 (Counts 1, 3, and 4), and one count of illegal manufacture of drugs, in violation of R.C. 2925.04 (Count 2). Counts 2 and 4 of the indictment each contained a school enhancement specification, namely that Montgomery committed the offense in the vicinity of a school, as defined under R.C. 2925.01.

Montgomery waived his right to a jury trial, and the case was tried to the court in April 2013.  Following the presentation of evidence, the trial court found Montgomery guilty on all four counts.  On May 24, 2013, the trial court held a sentencing hearing.  At the May 2013 sentencing hearing, the trial court indicated it was merging Counts 3 and 4 for the purpose of sentencing, and the plaintiff-appellee, State of Ohio, indicated its election to have Montgomery sentenced on Count 4.  By entry filed May 28, 2013, the trial court imposed a sentence of 8 years incarceration each on Counts 1, 2, and 4, with Counts 1 and 2 to be served concurrent to each other, and consecutive to Count 4.

{¶ 3}  Montgomery appealed, challenging his convictions and sentences on various grounds.  On September 30, 2014, this court issued a decision, affirming in part, and reversing in part, the judgment of the trial court.  *See State v. Montgomery*, 10th Dist. No. 13AP-512, 2014-Ohio-4354.  This court overruled Montgomery's assignments of error challenging his convictions, but sustained in part his assignment of error challenging his sentences.  *Id.* at ¶ 68.  This court found the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences.  *Id.* at ¶ 65-67.  Consequently, this court remanded the matter for resentencing.  *Id.* at ¶ 67.

{¶ 4}  On November 21, 2014, the trial court held a resentencing hearing.  By judgment entry filed November 24, 2014, the trial court again imposed the following sentences: 8 years incarceration each on Counts 1, 2, and 4, with Counts 1 and 2 to be served concurrent to each other, and consecutive to Count 4.

{¶ 5}  Montgomery timely appeals.

## II. Assignments of Error

{¶ 6}  Montgomery assigns the following errors for our review:

> [1.] The trial court's failure to order the State to designate at the November 21, 2014 hearing which of the two merged offenses it wished Appellant to be punished while indicating otherwise in its Judgment Entry constituted plain error and violated Crim. R. 43 and Appellant's right to due process of law memorialized in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.
>
> [2.] Because the record does not support the lower court's consecutive sentence findings under R.C. 2929.14(C)(4) its

imposition of consecutive punishment was contrary to law. These actions violated R.C. 2953.08(G)(2) and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[3.] The Appellant's sentence is contrary to law because the trial court improperly employed the "sentencing package doctrine" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution and R.C. 2953.08(A)(4).

## III. Discussion

### A. First Assignment of Error – State's Sentencing Election Regarding Merged Offenses (Counts 3 and 4)

{¶ 7} Montgomery's first assignment of error alleges the trial court erred in sentencing him on Count 4 without receiving direction from the state at the November 2014 resentencing hearing as to whether the state elected the court to impose a sentence on Count 3 or 4. Montgomery further asserts the November 24, 2014 judgment entry incorrectly indicates the state had elected sentencing on Count 4. According to Montgomery, the trial court's notation on the November 24, 2014 judgment entry that the state elected sentencing on Count 4 is different from what occurred at the sentencing hearing.

{¶ 8} Montgomery argues his counsel preserved this issue by objecting at the sentencing hearing. At the sentencing hearing, Montgomery's counsel objected to the sentences on the basis that the record does not support the length of the sentences or the imposition of consecutive sentences. But Montgomery's counsel did not object to the trial court sentencing Montgomery on Count 4 on the basis that the court did not obtain direction from the state regarding the merged offenses. Thus, Montgomery must demonstrate the trial court's imposition of a sentence as to Count 4 constituted plain error. *See State v. Darazim*, 10th Dist. No. 14AP-203, 2014-Ohio-5304, ¶ 33, citing *State v. Scott*, 10th Dist. No. 05AP-1144, 2006-Ohio-4981, ¶ 19, 21.

{¶ 9} An appellate court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *State v. Pilgrim*,

184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139. For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected "substantial rights," meaning the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 10} Montgomery cannot demonstrate the trial court erred in sentencing him on Count 4. A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17. The state chooses which of the allied offenses to pursue at sentencing. *Id.* This election may be made prior to trial, after a verdict of guilty, or on a remand to the trial court after an appeal. *See id.* at ¶ 21.

{¶ 11} As set forth above, Montgomery was first sentenced in May 2013. At the May 2013 sentencing hearing, the state indicated its understanding that Counts 3 and 4 should merge for the purpose of sentencing. The trial court agreed and let the state select which of the two counts a sentence would be imposed upon, stating, "I believe the prosecution gets to pick which count he would be sentenced on." (May 24, 2013 Sentencing Proceedings, 3.) The state expressly elected to have Montgomery sentenced on Count 4. Based on that election, the trial court imposed sentences on Counts 1, 2, and 4. Montgomery appealed the matter, arguing, inter alia, the sentences imposed were contrary to law. *See generally Montgomery*. Because the trial court did not make the requisite findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences, this court reversed the trial court's judgment in part and remanded the matter for resentencing. *Id.* at ¶ 68.

{¶ 12} To begin the November 2014 resentencing hearing, the trial court provided a brief procedural background to the matter and asked the state whether anything needed to be corrected or added. The state replied, "Nothing from the original sentencing, Judge." (Nov. 21, 2014 Sentencing Proceedings, 3.) Later during the hearing, regarding the issue of the merger of offenses and which of the merged offenses would receive a sentence, the trial court simply stated: "Counts Three and Four merge for purposes of

sentencing. The Defendant will be sentenced on Count Four." (Nov. 21, 2014 Sentencing Proceedings, 13.)

{¶ 13} The trial court's November 24, 2014 judgment entry correctly indicates the state made the election that Montgomery be sentenced on Count 4. Montgomery's first assignment of error is based on the unsupported assumption that the state's election to have him sentenced on Count 4 was no longer operative after this court remanded the matter for resentencing. At the November 2014 resentencing hearing, the state did not expressly state its election that Montgomery be sentenced on Count 4. However, the state's continued election that Montgomery be sentenced on Count 4 was implicit based on the statements made at the hearing. By indicating to the court that, from the state's perspective, nothing from the original sentencing needed modified, the state did not alter its earlier election that Montgomery be sentenced on Count 4. Considering the matter was remanded for resentencing on the same offenses, and at the resentencing hearing the state implicitly indicated that its earlier election remained in effect, it was unnecessary for the state to expressly indicate its election again. Thus, the November 24, 2014 judgment entry's notation that the state "elects sentencing on Count Four" was correct because the state had already made the election before the original appeal, and on remand that election was implicitly confirmed.

{¶ 14} Accordingly, Montgomery's first assignment of error is overruled.

**B. Second Assignment of Error – Imposition of Consecutive Sentences**

{¶ 15} Montgomery's second assignment of error alleges the trial court erred in imposing consecutive sentences because the record does not support the trial court's findings under R.C. 2929.14(C)(4). In support of his second assignment of error, Montgomery also argues the trial court erred because its findings under R.C. 2929.14(C)(4) are absent from the judgment entry and because those findings are not connected to specific offenses.

{¶ 16} Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 18} A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and also incorporate such findings into its sentencing entry. *Bonnell* at ¶ 37. But the trial court need not state reasons to support its findings, nor is the court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required," but where "the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record

contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 19} At the November 2014 resentencing hearing, the trial court reviewed and discussed Montgomery's extensive criminal history, as reflected in the presentence investigation report. Montgomery's criminal history includes convictions for assault, attempted robbery, resisting arrest, receiving stolen property, possession of cocaine, attempted burglary, and domestic violence. The trial court then made the following statement:

> The findings concerning the consecutive sentence are as follows based upon everything that I have said earlier. The consecutive service is necessary to protect the public from future crime and to punish the offender. The consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that the offender poses to the public, and I specifically find subsection C, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Nov. 21, 2014 Sentencing Proceedings, 14-15.)

{¶ 20} In this appeal, Montgomery does not allege the trial court did not make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. Instead, Montgomery alleges the record does not support the trial court's findings and the trial court failed to incorporate those findings into the sentencing entry. According to Montgomery, the trial court's failure to include in the judgment entry its findings under R.C. 2929.14(C)(4) requires a remand of this matter for another resentencing.

{¶ 21} Montgomery argues his acceptance of responsibility and expressions of remorse at the resentencing hearing weigh against the trial court's imposition of consecutive sentences and, thus, render the sentences not supported by the record and contrary to law. At the resentencing hearing Montgomery stated, "I just want to apologize for my actions." (Nov. 21, 2014 Sentencing Proceedings, 6.) Although Montgomery's apparent acceptance of responsibility and remorse were pertinent to the trial court's consideration of the appropriate sentences for the offenses, other factors supported the trial court's finding that the consecutive sentences were necessary and appropriate. *See*

R.C. 2929.12(D)(5). Despite Montgomery's stated remorse, his extensive criminal history is a factor that indicates he is likely to commit future crimes. *See* R.C. 2929.12(D)(2) (a history of criminal convictions is a factor indicating the offender is likely to commit future crimes). Furthermore, Montgomery committed two of the offenses in this matter in the vicinity of a school, indicating the seriousness of his conduct and the harm he poses to the public. Thus, the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶ 22} As to the trial court making the necessary notations in its judgment entry, the state concedes the trial court did not include its findings under R.C. 2929.14(C)(4) in the judgment entry as required under *Bonnell*. But the state challenges Montgomery's contention that the omission requires another resentencing. The state argues the omission only requires a limited remand for the trial court to correct the clerical mistake. We agree with the state. Not journalizing the required R.C. 2929.14(C)(4) findings in the judgment entry does not render consecutive sentences contrary to law when the trial court makes those findings during the sentencing hearing. *See Bonnell* at ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law."). However, because the trial court did not journalize its findings in its judgment entry, this matter must be remanded. *See id* at ¶ 30. On remand, the trial court must journalize its findings under R.C. 2929.14(C)(4) in a nunc pro tunc judgment entry correcting the clerical error of omission. *Id.*; *State v. Rivera*, 10th Dist. No. 14AP-460, 2015-Ohio-1731, ¶ 6; and *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5760, ¶ 71. Such an administrative correction does not necessitate a new sentencing hearing. *See Rivera* at ¶ 6 (the journalization of a nunc pro tunc entry to reflect the R.C. 2929.14(C)(4) findings that were previously made "does not require a new sentencing hearing to be conducted.").

{¶ 23} Lastly, Montgomery argues the trial court "failed to specify the offenses worthy of consecutive punishment." (Montgomery Brief, 16.) According to Montgomery, the trial court did not "link" its R.C. 2929.14(C)(4) findings to Count 4. (Montgomery Brief, 17.) Montgomery does not develop or cite any authority for this argument and the argument is unpersuasive. The imposition of consecutive sentences necessarily involves more than one offense. Here, the trial court sentenced Montgomery on Counts 1, 2, and 4,

with Counts 1 and 2 to run concurrent to each other and consecutive to Count 4.  As discussed above, the trial court made the required findings at the resentencing hearing in order to impose consecutive sentences.  And there is no uncertainty that the trial court's findings necessary to impose consecutive sentences were related to the offenses on which it imposed consecutive sentences.  Moreover, to the extent Montgomery argues the trial court should have provided additional reasoning, we note that while R.C. 2929.14(C)(4) requires a court to make certain findings before imposing consecutive sentences, it does not require a court to provide reasons for imposing consecutive sentences.  *State v. Vargas*, 10th Dist. No. 14AP-515, 2014-Ohio-5250, ¶ 12.  Thus, Montgomery's argument that the trial court did not properly link the findings to the offenses is unpersuasive.

{¶ 24} For these reasons, Montgomery's second assignment of error is overruled.  This matter must be remanded, however, for the trial court to file a nunc pro tunc entry to correct the clerical mistake relating to its R.C. 2929.14(C)(4) findings.

### C.  Third Assignment of Error – Sentencing Package Doctrine

{¶ 25} Montgomery's third assignment of error alleges the trial court improperly applied the "sentencing package doctrine."  Montgomery argues the trial court, at resentencing, improperly structured a 16-year sentencing package to match the previously imposed 16-year aggregate sentence.  We disagree.

{¶ 26} The "sentencing package doctrine" is a federal doctrine that requires a sentencing court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan.  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 5.  Pursuant to this doctrine, an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense.  *Id.* at ¶ 6, citing *United States v. Clements*, 86 F.3d 599, 600-01 (6th Cir.1996).  But this doctrine does not apply in Ohio courts.  In *Saxon*, the Supreme Court of Ohio expressly rejected application of the sentencing package doctrine to Ohio's sentencing laws.  *See id.* at paragraph two of the syllabus ("The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences.").  Thus, under Ohio law, a sentencing

court "lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *Id.* at ¶ 9.

{¶ 27} Here, Montgomery contends the trial court formulated a comprehensive sentencing plan and imposed the sentences on remand in conformity with that plan. In support, Montgomery cites the following statement of the trial court at resentencing: "So I felt that the sentence I imposed when you were here the last time was appropriate. I still believe it to be appropriate." (Nov. 21, 2014 Sentencing Proceedings, 13.) According to Montgomery, this statement reflected the trial court's "predisposition" to impose an aggregate 16-year sentence. Contrary to Montgomery's contention, the trial court did not apply the sentencing package doctrine. In the previous appeal, this court reversed and remanded because the trial court did not make the necessary findings to support the imposition of consecutive sentences. *Montgomery* at ¶ 67. This court did not, however, alter the number or severity of offenses requiring sanctions on remand. On remand, the trial court noted its view that the appropriate sentences, for the same offenses, had not changed. The trial court's expression of that view did not demonstrate the application of the sentencing package doctrine. Montgomery received the same sentences for the same offenses. Therefore, the trial court did not improperly impose one or more sentences pursuant to the sentencing package doctrine.

{¶ 28} Accordingly, Montgomery's third assignment of error is overruled.

## IV. Conclusion

{¶ 29} Based on the foregoing, Montgomery's first, second, and third assignments of error are overruled. However, this matter must be remanded for the trial court to correct the clerical error regarding its R.C. 2929.14(C)(4) findings. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed, and this matter is remanded to that court for the limited purpose of entering a nunc pro tunc entry reflecting the R.C. 2929.14(C)(4) findings the court made during the resentencing hearing.

*Judgment affirmed;*
*cause remanded with instructions.*

BROWN, P.J., and HORTON, J., concur.