[Cite as *State v. Lung*, 2015-Ohio-3833.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2014-12-081 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>9/21/2015 |
| - vs - | : | |
| | : | |
| TRAVIS R. LUNG, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 0341

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Scott Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Travis R. Lung, appeals from his conviction in the Clermont County Court of Common Pleas after he entered a guilty plea to two counts of rape involving a four-year-old girl. For the reasons outlined below, we affirm in part, reverse in part and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 2} On May 30, 2013, the Clermont County Grand Jury returned an indictment

charging Lung with one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony with a maximum sentence of life in prison without parole, as well as one count of rape in violation of R.C. 2907.02(A)(2), also a first-degree felony, but with a maximum sentence of only 11 years in prison. According to the bill of particulars, the charges stemmed from allegations Lung had inserted a "component of a toy" into the four-year-old victim's vagina between December 25, 2012 and May 13, 2013. Lung is then alleged to have instructed the victim to remain very still and to have informed her that "he would 'whoop' her if she told anyone."

{¶ 3} On September 30, 2013, after entering into a plea agreement, Lung pled guilty to two counts of rape in violation of R.C. 2907.02(A)(2), with an agreed potential maximum sentence of 15 years in prison. As part of this agreement, Lung agreed not to challenge the two rape offenses as allied offenses of similar import. Specifically, as the state noted at the sentencing hearing:

> [THE STATE]: * * * [A]s part of the plea agreement that's my understanding that the Defense has adopted this position as well, that they are not contesting that these are allied offenses. These are two separate instances and there's no allegation that they would be allied.
>
> THE COURT: Okay. And part of that probably quid pro quo was is that – that – that the State has taken the life spec off Count 1.
>
> [THE STATE]: And agreed to recommend a cap of 15.
>
> THE COURT: All right. Very good.
>
> [DEFENSE COUNSEL]: So that was –
>
> THE COURT: That's fine.
>
> [DEFENSE COUNSEL]: -- that was the agreement, that was the arrangement, and that was discussed with –
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: -- the Defendant.

- 2 -

It is undisputed that Lung had previously accepted the state's recitation of the facts that the two rape charges were the result of Lung's actions "on two separate occasions" on two different days.

{¶ 4} After making the necessary statutory findings in order to impose consecutive sentences as required by R.C. 2929.14(C)(4), the trial court then sentenced Lung to serve a total aggregate sentence of 14 years in prison consisting of two consecutive seven-year prison terms. The trial court, however, did not incorporate its findings into its sentencing entry. Rather, the trial court merely stated that it "considered the factors contained in Ohio Revised Code 2929.14(C)(4)." Lung now appeals from his conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN IMPOSING MULTIPLE SENTENCES FOR A SINGLE OFFENSE.

{¶ 7} In his first assignment of error, Lung argues the trial court erred by failing to merge his two rape offenses as they were allied offenses of similar import. In support of this claim, Lung argues this case represents a "classic example of 'multiplicity'" that violates the protections against double jeopardy. We disagree.

{¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords protections against the imposition of multiple criminal punishments for the same offense. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 24. Absent a more specific legislative statement, Ohio's allied offenses statute, R.C. 2941.25, "'is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct.'" *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 17, quoting *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-

4982, ¶ 11; *State v. Painter*, 12th Dist. Clermont No. CA2014-03-022, 2014-Ohio-5011, ¶ 17.

{¶ 9} Pursuant to R.C. 2941.25, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} Although previously applying the two-part test as outlined in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court has since clarified the test for allied offenses of similar import in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. Under the *Ruff* test, in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, "courts must evaluate three separate factors – the conduct, the animus, and the import." *Ruff* at paragraph one of the syllabus. In conducting this analysis, if any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and; (3) the offenses were committed with separate animus or motivation. *State v. Coffman*, 12th Dist. Butler No. CA2015-01-014, 2015-Ohio-2990, ¶ 23. The term "animus" means "'purpose' or 'more properly, immediate motive.'" *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).

{¶ 11} Here, the record firmly establishes that Lung pled guilty to two counts of rape

with an understanding that the offenses occurred "on two separate occasions" on two different days. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, syllabus. In turn, by entering a guilty plea, Lung not only stated that he committed the acts described in the indictment, but he also admitted guilt of the two substantive crimes. Therefore, because Lung pled guilty to two counts of rape that occurred on two separate occasions on two different days, the offenses simply cannot be considered allied offenses of similar import. *See, e.g., State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 51 (finding indecent exposure and disorderly conduct offenses were not allied offenses of similar import where the two offenses occurred on two different days); *State v. Walker*, 8th Dist. Cuyahoga No. 95974, 2011-Ohio-4239, ¶ 56 (finding gross sexual imposition and rape offenses were not allied offenses of similar import where the two offenses occurred on two different days).

{¶ 12} Moreover, contrary to Lung's claim otherwise, "[i]It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *Rogers*, Slip Opinion No. 2015-Ohio-2459 at ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29; *see also State v. Estes*, 12th Dist. Preble No. CA2013-04-001, 2014-Ohio-767, ¶ 11. That is exactly what Lung did here. Again, as the state specifically noted at the sentencing hearing, "as part of the plea agreement that's my understanding that the Defense has adopted this position as well, that they are not contesting that these are allied offenses. These are two separate instances and there's no allegation that they would be allied." Lung, through his trial counsel, acknowledged the state had accurately described the parties' plea agreement in this regard. Therefore, because the parties' plea agreement was not silent as to the issue of allied offenses, we find this issue is waived. *See, e.g., State v. Carman*, 8th

Dist. Cuyahoga No. 99463, 2013-Ohio-4910, ¶ 17 (finding accused expressly waived allied offense challenge where the record "clearly shows that defense counsel agreed that the offenses were not allied"). Accordingly, Lung's first assignment of error lacks merit and is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

{¶ 15} In his second assignment of error, Lung argues the trial court erred by imposing consecutive sentences. We disagree, but nevertheless reverse in part and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 16} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 52. First, the trial court must find a consecutive sentence is necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Heard*, 12th Dist. Butler Nos. CA2014-02-024, CA2014-02-025, and CA2014-05-118, 2014-Ohio-5394, ¶ 10. Third, the trial court must find that at least one of the three circumstances listed in R.C. 2929.14(C)(4)(a)-(c) applies; namely:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. When imposing consecutive sentences, a trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 27, 29. "Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings." *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 12. The court's findings must then be incorporated into its sentencing entry. *Id.*, citing *Bonnell* at ¶ 37. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 18} Lung does not dispute that the trial court made all the necessary findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences at the sentencing hearing. Rather, Lung argues the trial court erred by imposing consecutive sentences because the record does not support the trial court's finding he committed "multiple offenses" of rape. However, as noted above, the record clearly indicates Lung's conviction stems from his guilty plea to two rape offenses that were committed separately on two different days. This was later confirmed as part of the parties' plea agreement. Therefore, Lung's first argument lacks merit.

{¶ 19} Lung also argues the trial erred by imposing consecutive sentences because the trial court failed to incorporate its statutory findings into its judgment of conviction entry. We agree. *See, e.g., State v. C.G.*, 10th Dist. Franklin No. 14AP-1005, 2015-Ohio-3254, ¶ 51 (finding trial court's sentencing entry was insufficient to incorporate the trial court's findings regarding consecutive sentences where the entry merely stated "the court has weighed the factors as set forth in * * * R.C. 2929.14"). However, as noted by the Ohio Supreme Court, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law." *Bonnell*, 2014-Ohio-3177 at ¶ 30. Instead, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.*

{¶ 20} To that end, although we find no error in the trial court's decision to impose consecutive sentences in this matter, we sustain Lung's second assignment of error as it relates to the trial court's failure to incorporate its consecutive sentence findings it made at the sentencing hearing into its sentencing entry. Therefore, pursuant to the Ohio Supreme Court's edict, we remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry to reflect the trial court's statutory findings under R.C. 2929.14(C)(4). "Such an administrative correction does not necessitate a new sentencing hearing." *State v. Montgomery*, 10th Dist. Franklin No. 14AP-1057, 2015-Ohio-3255, ¶ 22. The trial court's decision to impose consecutive sentences in all other respects is affirmed.

{¶ 21} Judgment affirmed in part, reversed in part and remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

M. POWELL, P.J., and RINGLAND, J., concur.