[Cite as *State v. Frost*, 2023-Ohio-3637.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-416 |
| v. | : | (C.P.C. No. 20CR-2306) |
| Savon A. Frost, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 5, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Sheryl L. Prichard* for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce* for appellant.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Savon A. Frost, appeals from the August 21, 2020 judgment entry finding him guilty of voluntary manslaughter with a three-year firearm specification in violation of R.C. 2903.03, and 2941.145, a felony of the first degree; tampering with evidence with a one-year firearm specification in violation of R.C. 2921.12 and 2941.141, a felony of the third degree. For the reasons that follow, we affirm and remand with instructions.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 3, 2020, an indictment was filed against appellant alleging two counts of murder in violation of R.C. 2903.02, unclassified felonies (Counts One and Two); and three counts of tampering with evidence in violation of R.C. 2921.12, felonies of the third degree (Counts Three through Five). The murder charge included three-year firearm

specifications, and one of the tampering charges (Count Four) included a one-year firearm specification.

{¶ 3} On July 24, 2020, appellant entered a plea of guilty as part of a negotiated plea agreement to the stipulated lesser included offense of Count One, voluntary manslaughter with a three-year firearm specification in violation of R.C. 2903.03 and 2941.145, a felony of the first degree; and Count Four of the indictment, tampering with evidence with a one-year firearm specification, in violation of R.C. 2921.12 and 2941.141, a felony of the third degree. The remaining charges were dismissed nolle prosequi.

{¶ 4} On August 20, 2020, the trial court, sentenced appellant to 10-15 years for voluntary manslaughter plus an additional three years for the firearm specification. The trial court also imposed one year for the tampering charge and an additional one year for the firearm specification. Relevant to the instant appeal, the trial court made a consecutive sentence finding and ordered the voluntary manslaughter and tampering offenses to be served consecutively with each other. Appellant was given 409 days of jail-time credit.

{¶ 5} Appellant filed a timely notice of appeal on September 8, 2020. After multiple continuances, this matter was fully briefed by the parties on March 15, 2021. In appellant's initial brief, he alleged five assignments of error, which largely concerned facial constitutional challenges to the Reagan Tokes Act. On July 19, 2021, the parties filed a joint notice of waiver of oral argument. On April 12, 2022, the parties filed a motion to stay this case pending the resolution of cases before the Supreme Court of Ohio in *State of Ohio v. Hacker*, No. 2020-1496 and *State of Ohio v. Simmons*, No. 2021-0532. This court granted the joint motion, and the matter was stayed on April 25, 2022. On July 26, 2023, the Supreme Court issued its decision in *Hacker* and *Simmons* overruling the facial constitutional challenges to the Reagan Tokes Act. *State v. Hacker*, ___Ohio St.3d ___, 2023-Ohio-2535. On September 20, 2023, appellant filed a motion to terminate stay, reactivate case, and dismiss assignments of error one through four of the appeal, which this court granted. Accordingly, this case will focus on the sole remaining assignment of error concerning whether the lower court erred by not incorporating its consecutive sentence findings into the sentencing entry.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

The trial court plainly erred when it failed to incorporate its consecutive sentence findings under R.C. 2929.14(C)(4) into the August 21, 2020 sentencing entry.

## III. LEGAL ANALYSIS

### Appellant's Fifth Assignment of Error

{¶ 7} In appellant's sole remaining assignment of error, appellant argues that the trial court plainly erred when it, despite imposing consecutive sentences, failed to include it in the sentencing entry. The state concedes in its brief that the trial court failed to make a consecutive sentence finding in the judgment entry.

{¶ 8} This court previously addressed this issue in *State v. Montgomery*, 10th Dist. No. 14AP-1057, 2015-Ohio-3255, ¶ 22. In *Montgomery*, we wrote, "[n]ot journalizing the required R.C. 2929.14(C)(4) findings in the judgment entry does not render consecutive sentences contrary to law when the trial court makes those findings during the sentencing hearing." *Montgomery* at ¶ 22; *see also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law."). However, the trial court would generally still be required to journalize its findings under R.C. 2929.14(C)(4) in a nunc pro tunc entry correcting the clerical error of omission. *Montgomery* at ¶ 22, citing *Bonnell* at ¶ 30. As this is an administrative correction, a new sentencing hearing, on this matter alone, is not required. *Id.*, citing *State v. Rivera*, 10th Dist. No. 14AP-460, 2015-Ohio-1731, ¶ 6 (finding the journalization of a nunc pro tunc entry to provide the previously made R.C. 2929.14(C)(4) findings "does not require a new sentencing hearing to be conducted.").

{¶ 9} Accordingly, we overrule appellant's fifth assignment of error. However, this matter is remanded with instructions for the trial court to correct the clerical mistake relating to its R.C. 2929.14(C)(4) findings in a subsequent nunc pro tunc entry.

## IV. CONCLUSION

{¶ 10} Based on the foregoing, appellant's sole remaining assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.[1] This matter is remanded to the trial court for the limited purpose of entering a nunc pro

---

[1] On September 20, 2023, this court granted its motion to dismiss assignments of error one through four.

tunc entry reflecting the R.C. 2929.14(C)(4) findings the court made during the sentencing hearing.

*Judgment affirmed*;
*cause remanded with instructions.*

BEATTY BLUNT, P.J. and DORRIAN, J., concur.

––––––––––––––––