[Cite as *State v. Whitley*, 2025-Ohio-5390.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-403 |
| | | (C.P.C. No. 23CR-2373) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Stephanie M. Whitley, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 2, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux*, for appellee.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Robert D. Essex*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Stephanie M. Whitley, appeals from a judgment of conviction and sentence of the Franklin County Court of Common Pleas, following her plea of guilty to felonious assault, endangering children, and tampering with evidence. For the following reasons, we affirm, but remand with instructions.

## I. Facts and Procedural History

{¶ 2} In May 2023, the Franklin County Grand Jury indicted Whitley on one count of attempted murder, one count of felonious assault, two counts of endangering children, and one count of tampering with evidence. Whitley initially pleaded not guilty. But, in February 2024, she pleaded guilty to one count of felonious assault, one count of endangering children, and one count of tampering with evidence. A nolle prosequi was entered as to the attempted murder count and the second endangering children count, and

the parties stipulated that the convictions would not merge for the purpose of sentencing. In May 2024, the trial court held a sentencing hearing. At the sentencing hearing, the trial court indicated it was imposing consecutive sentences, and it made the necessary findings in support of those sentences. The trial court's judgment entry imposing the sentences, however, does not include the findings made in support of the consecutive sentences.

{¶ 3} Whitley timely appeals.

## II. Assignment of Error

{¶ 4} Whitley assigns the following sole assignment of error for our review:

> The lower court plainly erred per Crim. R. 52(B) when it filed a judgment entry that did not reflect any of the R.C. 2929.14(C)(4) findings despite it having ordered appellant to serve her three convictions consecutively to each other at the sentencing hearing.

## III. Discussion

{¶ 5} Whitley's sole assignment of error, and arguments in support, contend the trial court plainly erred in imposing consecutive sentences when the trial court's judgment entry does not include the necessary findings that the court made at the sentencing hearing.

{¶ 6} The issue raised by Whitley's assignment of error has been previously addressed by this court. "Not journalizing the required R.C. 2929.14(C)(4) findings in the judgment entry does not render consecutive sentences contrary to law when the trial court makes those findings during the sentencing hearing." *State v. Montgomery*, 2015-Ohio-3255, ¶ 22 (10th Dist.). Because this "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law," a new sentencing hearing is not required. *State v. Bonnell*, 2014-Ohio-3177, ¶ 30. Instead, the proper means to correct this clerical mistake is for the trial court to enter a nunc pro tunc judgment entry incorporating the statutory findings made at the sentencing hearing. *State v. Frost*, 2023-Ohio-3637, ¶ 8 (10th Dist.). *See* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.").

{¶ 7} Accordingly, we overrule Whitley's sole assignment of error. But, because of the inadvertent omission in the judgment entry, this matter must be remanded to the trial court to correct this clerical mistake via a nunc pro tunc entry.

**IV. Disposition**

{¶ 8}   Having overruled Whitley's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.  This matter is remanded, however, to the trial court for the limited purpose of entering a nunc pro tunc judgment entry that reflects the R.C. 2929.14(C)(4) findings the court made during the sentencing hearing.

*Judgment affirmed;*
*cause remanded with instructions.*

EDELSTEIN and LELAND, JJ., concur.

_____