[Cite as *State v. Richey*, 2023-Ohio-336.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2022-08-038 |
| | | CA2022-08-039 |
| | : | CA2022-08-040 |
| - vs - | | CA2022-08-041 |
| | : | |
| | | O P I N I O N |
| DAMION A. RICHEY, | : | 2/6/2023 |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2021 CR 0067; 2021 CR 0563; 2021 CR 0737; 2022 CR 0174


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.


**S. POWELL, P.J.**

{¶ 1} Appellant, Damion A. Richey, appeals the decision of the Clermont County Court of Common Pleas sentencing him to serve a total, aggregate term of a minimum 15 years to a maximum 22-and-one-half years in prison as a result of pleading guilty to 15 felony drug offenses. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} This appeal arises out of the charges brought against Richey in four separate cases. Those four cases were given trial court Case Nos. 2021 CR 0067, 2021 CR 0563, 2021 CR 0737, and 2022 CR 0174. The following are the facts relevant to each of those four cases.

*Case No. 2021 CR 0067*

{¶ 3} On January 26, 2021, the Clermont County Grand Jury returned a multi-count indictment charging Richey with eight felony drug offenses. Those eight felony drug offenses consisted of two counts of aggravated possession of drugs, two counts of aggravated trafficking in drugs, one count of illegal manufacturing of drugs, one count of illegal assembly of chemicals for the manufacturing of drugs, one count of possession of LSD, and one count of trafficking in LSD. Those eight charges arose after the Clermont County Narcotics Unit conducted a lawful search of Richey's home on March 5, 2020 that resulted in the discovery of $449 in cash, a Smith & Wesson .38 Special firearm and ammunition, as well as numerous illicit drugs within Richey's home. This included 255 doses of LSD and a large scale mushroom grow operation that contained approximately 4,025 grams of psilocin/psilocybin.[1]

*Case No. 2021 CR 0563*

{¶ 4} On June 24, 2021, the Clermont County Grand Jury returned another multi-count indictment charging Richey with an additional 12 felony drug offenses. Those 12 felony drug offenses consisted of three counts of aggravated possession of drugs, three counts of trafficking in drugs, one count of possession of a fentanyl related compound, one

---

1. Psilocin is the metabolite of psilocybin. *State v. Douglass*, 5th Dist. Licking No. 2019 CA 00056, 2020-Ohio-1214, ¶ 2, fn. 1. Psilocin is a naturally occurring substance that is found in most psychedelic, hallucinogenic mushrooms. *See State v. York*, 12th Dist. Butler No. CA2021-11-147, 2022-Ohio-2457, ¶ 2, fn. 1; *see also State v. Fox*, 12th Dist. Fayette No. CA2008-03-009, 2009-Ohio-556, ¶ 3.

count of trafficking a fentanyl related compound, one count of possession of cocaine, one count of trafficking in cocaine, one count of possession of LSD, and one count of trafficking in LSD. Those 12 charges arose after law enforcement conducted a lawful search of Richey's home on October 26, 2020 following a report from Richey's girlfriend that Richey, who was then out on bond, had overdosed inside his home. This search resulted in the discovery of more illicit drugs within Richey's home. This included over seven grams of heroin/fentanyl and 68.25 grams of methamphetamine.

*Case No. 2021 CR 0737*

{¶ 5} On August 24, 2021, the Clermont County Grand Jury returned yet another multi-count indictment charging Richey with a further nine felony drug offenses. Those nine felony drug offenses consisted of two counts of aggravated possession of drugs, two counts of aggravated tracking in drugs, three counts of trafficking in drugs, one count of possession of cocaine, and one count of trafficking in cocaine. Those nine charges arose after the Clermont County Narcotics Unit conducted a new, lawful search of Richey's home on January 19, 2021 that resulted in the discovery of $1,200 in cash and even more illicit drugs within Richey's home. This included another 23.28 grams of methamphetamine.

*Case No. 2022 CR 0174*

{¶ 6} On February 17, 2022, the Clermont County Grand Jury returned a final multi-count indictment charging Richey with 22 additional felony drug offenses. Those 22 felony drug offenses consisted of seven counts of aggravated possession of drugs, seven counts of aggravated trafficking in drugs, three counts of possession of LSD, three counts of trafficking in LSD, and two counts of possession of drugs. Those 22 charges arose on July 7, 2021 after Richey, who was again out on bond, sold drugs to a confidential informant within 1,000 feet of a school. Then, two days later, on July 9, 2021, officers conducted a lawful search of Richey's home that resulted in the discovery of even more illicit drugs both

on Richey's person and within Richey's home. This included clonazolam and methylenedioxyamphetamine (MDA), as well as methamphetamine and 320 unit doses of LSD.

*The Trial Court's Joint Change of Plea Hearing*

{¶ 7} On April 12, 2022, the trial court held a joint change of plea hearing. During this hearing, Richey pled guilty to 15 of the 51 total felony drug charges levied against him. This ultimately resulted in Richey pleading guilty to two counts of aggravated trafficking in drugs (methamphetamine and psilocin/psilocybin) and one count of trafficking in LSD in Case No. 2021 CR 0067; two counts of aggravated trafficking in drugs (methamphetamine and amphetamine) and one count of trafficking in a fentanyl related compound in Case No. 2021 CR 0563; two counts of trafficking in drugs (methamphetamine and amphetamine) and one count of trafficking in cocaine in Case No. 2021 CR 0737; and four counts of aggravated trafficking in drugs (methamphetamine, clonazolam, and methylenedioxyamphetamine [MDA]) and two counts of trafficking in LSD in Case No. 2022 CR 0174. The trial court accepted Richey's plea upon finding it was knowingly, intelligently, and voluntarily entered.

*The Trial Court's Joint Sentencing Hearing*

{¶ 8} On June 29, 2022, the trial court held a joint sentencing hearing and sentenced Richey to serve an aggregate term of a minimum 15 years in prison to a maximum 22-and-one-half years in prison, less 430 days of jail-time credit. In so doing, the trial court ordered the five to seven-and-one-half year prison term imposed in Case No. 2022 CR 0174 to run consecutively to the five to seven-and-one-half year prison term imposed in Case No. 2021 CR 0737, which was, in turn, ordered to run consecutively to the two concurrent five to seven-and-one-half year prison terms imposed in Case Nos. 2021 CR 0563 and 2021 CR 0067. The trial court also ordered Richey to pay court costs,

suspended Richey's driver's license for a period of five years, and notified Richey that he would be subject to a mandatory postrelease control term of up to three years upon his release from prison. The trial court issued this decision after specifically stating that it had considered the purposes of sentencing set forth under R.C. 2929.11, including the minimum sanctions necessary to accomplish the purposes of sentencing without imposing an unnecessary burden on state or local government resources, as well as the seriousness and recidivism factors listed in R.C. 2929.12.

*The Trial Court's Consecutive Sentence Findings for Case No. 2022 CR 0174*

{¶ 9} The trial court ordered the five to seven-and-one-half year prison term imposed in Case No. 2022 CR 0174 to run consecutive to the five to seven-and-one-half year prison term imposed in Case No. 2021 CR 0737. The trial court reached this decision upon finding consecutive sentences were necessary to protect the public from future crime or to punish Richey; that ordering consecutive sentences was not disproportionate to the seriousness of Richey's conduct and to the danger Richey poses to the public; that "these offenses were committed, one or more of the multiples offenses while awaiting trial in the other case," and

> at least two of the multiple offenses were committed as one or more courses of conduct in the harm clause, two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct, adequately reflects the seriousness of his conduct.

The trial court also found Richey's "history of criminal conduct" demonstrated that consecutive sentences were "necessary to protect the public from future crime of the offender or by the offender." The trial court found this held true even though Richey's criminal history was "not the worst" that it had ever seen.

- 5 -

*The Trial Court's Consecutive Sentence Findings for Case No. 2021 CR 0737*

{¶ 10} The trial court also ordered the five to seven-and-one-half year prison term imposed in Case No. 2021 CR 0737 to run consecutive to the two concurrent five to seven-and-one-half year prison terms imposed in Case Nos. 2021 CR 0563 and 2021 CR 0067. Similar to what it had done for Case No. 2022 CR 0174, the trial court reached this decision upon finding consecutive sentences were necessary to protect the public from future crime or to punish Richey; that ordering consecutive sentences were not disproportionate to the seriousness of Richey's conduct and to the danger Richey poses to the public; and that

> at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of those multiple offenses so committed was so great or unusual that no single prison term for any of those offenses committed as part of any of the courses of conduct adequately reflects the seriousness of his conduct.

The trial court also found, just as it had done previously for Case No. 2022 CR 0174, that Richey's "history of criminal conduct" demonstrated that consecutive sentences were "necessary to protect the public from future crime by the offender."

**Richey's Appeal and Single Assignment of Error**

{¶ 11} Richey now appeals, raising one assignment of error for review. In his single assignment of error, Richey argues the trial court erred by sentencing him to serve an aggregate term of a minimum 15 years in prison to a maximum 22-and-one-half years in prison. This is because, according to Richey, it was error for the trial court to impose consecutive sentences in this case. We disagree.

*The Two Available Challenges to Consecutive Sentences Under R.C. 2953.08(G)(2)*

{¶ 12} The standard of review set forth in R.C. 2953.08(G)(2) governs all felony sentences. *State v. Simmons*, 12th Dist. Warren No. CA2020-10-069, 2021-Ohio-3563, ¶ 80. Pursuant to R.C. 2953.08(G)(2)(a) and (b), this court may modify or vacate a felony

- 6 -

sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. The consecutive sentence statute, R.C. 2929.14(C)(4), is one of the relevant statutes specifically mentioned in R.C. 2953.08(G)(2). *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 16. "Thus, there are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Shiveley*, 12th Dist. Clermont No. CA2022-04-017, 2022-Ohio-4036, ¶ 7. The defendant can argue either that the imposition of consecutive sentences is contrary to law because the trial court failed to make the necessary consecutive sentence findings required by R.C. 2929.14(C)(4), or that the record does not support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4). *Id.*, citing *State v. Hawley*, 8th Dist. Cuyahoga No. 108254, 2020-Ohio-1270, ¶ 10. These are the only two means that the legislature provided to defendants to challenge their consecutive sentences on appeal. *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 11.

*Richey Challenges the Trial Court's Consecutive Sentence Findings*

{¶ 13} Richey does not dispute that the trial court made the necessary consecutive sentence findings required by R.C. 2929.14(C)(4). Richey thereby concedes that the trial court's decision to impose consecutive sentences was not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). Richey instead argues the record does not support the trial court's consecutive sentence findings pursuant to R.C. 2953.08(G)(2)(a). Such a challenge requires this court to review the record de novo and decide whether the record clearly and convincingly does not support the trial court's consecutive sentence findings. *Gwynne*, 2022-Ohio-4607 at ¶ 1. When so doing, this court "essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance." *Id.*

- 7 -

at ¶ 21.

{¶ 14} This court is constrained, however, to considering only those consecutive sentence findings that the trial court actually made. *Id.* at ¶ 21. This necessarily precludes this court from making our own consecutive sentence findings, as that is a task reserved for the trial court. *Id.* Therefore, upon a de novo review of the record, this court may reverse or modify consecutive sentences—including the number of consecutive sentences imposed by the trial court—only if we clearly and convincingly find that the record does not support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4). *Id.* at ¶ 12. That is, only in circumstances where this court "has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record." *Id.* at ¶ 21.

*Consecutive Sentence Findings Under R.C. 2929.14(C)(4)*

{¶ 15} R.C. 2929.14(C)(4) sets forth the required consecutive sentence findings that must be made prior to the imposition of consecutive sentences. *Gwynne*, 2022-Ohio-4607 at ¶ 10. Specifically, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. The trial court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Heard*, 12th Dist. Butler Nos. CA2014-02-024, CA2014-02-025, and CA2014-05-118, 2014-Ohio-5394, ¶ 10. The trial court must further find "that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present." *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 205; *State v. Liming*, 12th Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 25. Those three circumstances are:

(a) The offender committed one or more of the multiple offenses

- 8 -

while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} A trial court's consecutive sentence findings "are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences" or "consecutive sentence stacking." *Gwynne*, 2022-Ohio-4607 at ¶ 1, 13. "Rather, these findings must be made in consideration of the aggregate term to be imposed." *Id.* at ¶ 1. That is to say, when a trial court "makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *Id.* at ¶ 12. For example, whether consecutive sentences are necessary to protect the public is "completely dependent on whether the defendant's criminal history demonstrates the need for the defendant to be incapacitated by a lengthy term of incarceration." *Id.* at ¶ 15. A trial court cannot make this "necessity finding" without considering the overall prison term that it will be imposing. *Id.* This is why, when imposing consecutive sentences, a trial court must consider "each sentence on individual counts that it intends to impose consecutively on the defendant *and* the aggregate prison term that will result." (Emphasis added.) *Id.* at ¶ 14.

*Richey's First Argument Lacks Merit*

{¶ 17} Richey initially argues the trial court erred by finding the imposition of

- 9 -

consecutive sentences was not disproportionate to the danger he posed to the public under R.C. 2929.14(C)(4). This requires Richey to show, through clear and convincing evidence, that the trial court erred by finding the imposition of consecutive sentences was "not disproportionate to the danger he posed to the public." *Shiveley*, 2022-Ohio-4036 at ¶ 22. The term "clear and convincing evidence" means "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Sanders*, 12th Dist. Butler CA2001-03-068, 2002 Ohio App. LEXIS 1432, *3-*4 (Mar. 29, 2002).

{¶ 18} Richey claims the trial court erred by finding the imposition of consecutive sentences was not disproportionate to the danger he posed to the public because he had never before been convicted of a felony. This may very well be true. Richey, however, had been convicted of a multitude of misdemeanor offenses. This includes two counts of first-degree misdemeanor theft, two counts of first-degree misdemeanor obstructing official business, two counts of first-degree misdemeanor attempted possession of drugs, and one count of first-degree misdemeanor operating a vehicle while under the influence. The record also indicates that Richey, who was just 27 years old at the time of sentencing, had been found guilty of violating the terms of his probation on four separate occasions for either using drugs or for not completing treatment. This ultimately resulted in the trial court sentencing Richey to serve between 120 to 150 days in jail for each of those four probation violations. We find this falls well short of the required clear and convincing evidence necessary to show the trial court erred by finding the imposition consecutive sentences was not disproportionate to the danger Richey posed to the public. Richey's claim otherwise

lacks merit.

**{¶ 19}** Richey also claims the trial court erred by finding the imposition of consecutive sentences was not disproportionate to the danger he posed to the public because the record was devoid of any evidence that anybody "suffered injury" or sustained "any actual harm" from his drug trafficking. However, although we agree that the record does not contain any such evidence, that does not mean the trial court's imposition of consecutive sentences was improper. Far from it. This only means Richey has so far been fortunate that none of the drugs he trafficked into the community resulted in anybody being seriously hurt or killed. Other drug traffickers in Richey's position have not been so lucky. *See generally State v. Haines*, 12th Dist. Clermont No. CA2021-07-040, 2022-Ohio-1145 (affirming appellant's convictions for involuntary manslaughter, corrupting another with drugs, trafficking in heroin, and aggravated trafficking in drugs following the victim's overdose death caused by the narcotics appellant had sold to the victim).

**{¶ 20}** The trafficking of illicit drugs like amphetamine, a fentanyl related compound, clonazolam, cocaine, LSD, methamphetamine, methylenedioxyamphetamine (MDA), and psilocin/psilocybin poses a significant danger to the public, both directly and indirectly, regardless of whether the individual(s) who take those drugs are themselves injured. This danger only increases where, as here, the drug trafficker does not stop dealing drugs even after being caught by law enforcement multiple times within such a short time span. That is to say nothing of the fact that the original search of Richey's home resulted in more than just the discovery of illicit drugs, but also $449 in cash and a Smith & Wesson .38 Special firearm and ammunition. Therefore, similar to before, we also find this falls well short of the required clear and convincing evidence necessary to indicate the trial court erred by finding the imposition of consecutive sentences was not disproportionate to the danger Richey posed to the public. Richey's claim otherwise again lacks merit. Accordingly, finding no

merit to either of two claims Richey raised herein in support of his first argument, Richey's first argument lacks merit.

*Richey's Second Argument Lacks Merit*

{¶ 21} Richey next argues the trial court erred by finding the harm he caused was so great or unusual that no single prison term adequately reflected the seriousness of his conduct under R.C. 2929.14(C)(4)(b). However, even assuming we found merit to Richey's claim, the trial court also found the circumstance set forth under R.C. 2929.14(C)(4)(c) applied. That is to say, the trial court also found Richey's history of criminal conduct demonstrated the imposition of consecutive sentences was necessary to protect the public from future crime by Richey. Richey does not dispute this finding. Therefore, because the trial court is only required to find one of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) applies, any error the trial court committed by finding the harm Richey caused was so great or unusual that no single prison term adequately reflected the seriousness of his conduct under R.C. 2929.14(C)(4)(b) was, at worst, harmless. *See, e.g., State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio- 3243, ¶ 15 ("if the trial court's finding under R.C. 2929.14[C][4][b] was erroneous, any such error was harmless since the trial court also made a finding under R.C. 2929.14[C][4][c] that is supported by the record"). Accordingly, because any error the trial court may have made by finding the harm Richey caused was so great or unusual that no single prison term adequately reflected the seriousness of his conduct under R.C. 2929.14(C)(4)(b) was, at worst, harmless, Richey's second argument also lacks merit.

*Richey's Third Argument Lacks Merit*

{¶ 22} Richey further argues the trial court's imposition of consecutive sentences was "not the minimum sanction necessary to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on the state." Richey supports this

claim by citing R.C. 2929.11, which, as referenced above, requires a trial court sentencing an offender to a felony to impose the minimum sanctions it determines necessary to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender, without imposing an unnecessary burden on state or local government resources. The plain language found in R.C. 2953.08(G)(2), however, "does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 21; *State v. Clinger*, 12th Dist. Preble No. CA2021-11-014, 2022-Ohio-3691, ¶ 41. That is to say, R.C. 2953.08(G)(2) "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring.). The record must instead "merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision." *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 26. This necessarily includes the trial court's determination regarding the minimum sanctions that should be imposed to avoid unnecessarily burdening the state or local government resources.

{¶ 23} The Ohio Supreme Court reached this decision based upon its finding nothing within R.C. 2953.08(G)(2) that would permit this court "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. The Ohio Supreme Court found there was also nothing within R.C. 2953.08(G)(2) that would permit this court to conduct a "freestanding inquiry" of the trial court's sentencing decision. *Id.* This court must therefore decline Richey's invitation to independently weigh the evidence in the record and substitute its judgment for that of the

- 13 -

trial court with respect to R.C. 2929.11. The same is true as it relates to the trial court's determination regarding the minimum sanctions necessary to protect the public from future crime by Richey and others, to punish Richey, and to promote the effective rehabilitation of Richey, without imposing an unnecessary burden on state or local government resources. *See State v. Orender*, 12th Dist. Butler No. CA2021-12-149, 2022-Ohio-2823, ¶ 15. The fact that Richey believes a lesser sentence would have been sufficient does not mean the trial court erred by imposing the sentence that it did. This is particularly true here when considering Richey faced a far greater sentence of over 90 years in prison had the trial court imposed the maximum, consecutive sentence available for each of the 15 felony drug offenses for which he pled guilty. Accordingly, finding no merit to the argument Richey raised herein in support of his third argument, Richey's third argument likewise lacks merit.

**Conclusion**

{¶ 24} For the reasons set forth above, and finding no merit to any of the three arguments raised by Richey herein, Richey's single assignment of error lacks merit and is overruled.

{¶ 25} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.