[Cite as *State v. Hunter*, 2023-Ohio-1317.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

    Appellee, : CASE NO. CA2022-05-054

     : O P I N I O N
    4/24/2023
- vs -

     :

TROY DEAN HUNTER, JR., :

    Appellant. :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-03-0421

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**BYRNE, J.**

{¶1} Troy Dean Hunter appeals from the sentence imposed by the Butler County Court of Common Pleas. For the reasons described below, we affirm the trial court's decision to impose consecutive sentences, but reverse and remand for the trial court to enter a nunc pro tunc sentencing entry.

**I. Facts and Procedural Background**

{¶2} In April 2022, in case number CR2022-03-0410 ("Case 410"), a Butler County

grand jury indicted Hunter for grand theft of a motor vehicle (a fourth-degree felony). Also in April 2022, in case number CR2022-03-0421 ("Case 421"), a Butler County grand jury indicted Hunter on three counts: count one, grand theft of a motor vehicle (a fourth-degree felony); count two, grand theft of a motor vehicle (a fourth-degree felony); and count three, identity fraud (a fifth-degree felony).[1]

{¶3} On May 19, 2022, Hunter, Hunter's attorney, and the prosecutor appeared before the trial court to enter into a plea agreement. Hunter agreed to plead guilty to the sole count in Case 410 and to count one in Case 421. In return, the state agreed to seek dismissal of the remaining counts in Case 421.

{¶4} At the plea hearing, the court engaged Hunter in a Crim.R. 11 colloquy to ensure that Hunter was entering his plea voluntarily, knowingly, and with an understanding of the constitutional rights he was waiving upon entering the plea. During the colloquy, the court asked Hunter if he was on probation. Hunter admitted that he was on probation with the Fairfield Municipal Court for a falsification offense. Hunter's attorney indicated that he had informed Hunter that his pleas may result in Hunter being found to be in violation of the terms of his probation on that case, and that Hunter understood.

{¶5} The court reviewed with Hunter the maximum prison term he was facing and further informed Hunter that the court could impose consecutive sentences. Hunter acknowledged his understanding of the maximum prison term and the court's ability to impose consecutive sentences. Hunter specifically acknowledged that he could be sent to prison for 36 months if the court imposed the maximum sentences and ran them consecutively.

---

1. This appeal concerns only Case 421. The record of Case 410 is not before us and Hunter apparently did not appeal that case. As a result, we are relying upon counsel's representations with respect to certain information in the opinion about Case 410.

{¶6} After acknowledging his understanding of all the rights he was foregoing by pleading guilty, Hunter pleaded guilty to one count each in Case 410 and Case 421, as he had agreed to do. The court accepted Hunter's pleas and found him guilty.

{¶7} At Hunter's request, the matter proceeded immediately to sentencing. Hunter waived a pre-sentence investigation. Hunter's attorney noted that—against his advice—Hunter wished to waive any right to be placed on community control and wished to be sentenced to prison. Hunter agreed that this was his choice.

{¶8} Defense counsel argued on Hunter's behalf in mitigation. He explained that his client was 25 years old and had a six-year-old son. Hunter grew up poor and was only educated through the seventh grade. He had a drug issue, which he knew he needed to address.

{¶9} The victim in Case 410 then spoke about the impact of Hunter's theft of the victim's vehicle. The victim stated that he was inconvenienced by Hunter's actions but asked the court to "take it easy" on Hunter and relayed that he had also had a "drug situation" when he was younger.

{¶10} The victim in Case 421 spoke next. The victim stated that Hunter stole his vehicle from Planet Fitness, took his debit card, swiped it at Speedway, and then tried to cash the victim's payroll check. Hunter also tried to charge $750 on Amazon. The victim stated that Hunter had done "a lot of damage to my life" and that he now has "severe anxiety." The victim stated he had installed a security system at his house and that he had to sign up for "Lifelock." The victim stated he had found "blow stains" (presumably a reference to illegal drugs) and a needle in his vehicle. Finally, the victim stated that he had been to several court hearings on Hunter's case and that his boss was getting frustrated with him and there was the potential he could lose his job.

{¶11} After listening to the victims' statements, the court indicated that it had

considered the record, the charges, the pleas of guilt, the oral statements presented, and the victim impact statements. The court further noted that it had considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12. The court additionally noted that it had considered the appropriateness of community control sanctions pursuant to R.C. 2929.13.

{¶12} The court sentenced Hunter to 12 months in prison for the grand theft of a motor vehicle offense in Case 410 and to 18 months in prison for the grand theft of a motor vehicle offense in Case 421. The court then stated it would order the sentences to be served consecutively. In explaining its decision to order consecutive sentences, the court noted that the presumption of concurrent sentences had been rebutted based upon the circumstances and the severity of Hunter's conduct. The court found that consecutive sentences were necessary to adequately protect the public from future crime and to appropriately punish Hunter. The court found that consecutive sentences were not disproportionate to the seriousness of Hunter's conduct and the danger that Hunter posed to the public. The court further found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflected the seriousness of Hunter's conduct. Finally, the court noted that Hunter had a history of criminal conduct that demonstrated that consecutive sentences were necessary to protect the public from future crimes. Hunter appealed and assigned one error for our review.

## II. Law and Analysis

{¶13} Hunter's sole assignment of error states:

{¶14} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. HUNTER WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES IN THE OHIO DEPARTMENT OF

REHABILITATION AND CORRECTIONS.

{¶15} Hunter argues that the record fails to support two of the trial court's consecutive sentence findings.

**A. Applicable Law**

**1. Required Findings for Consecutive Sentences**

{¶16} When imposing consecutive sentences, a sentencing court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. That statute states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶17} Stated more simply, to impose consecutive sentences, a sentencing court

must find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct[,]" and (3) that at least one of the three conditions described in R.C. 2929.14(C)(4)(a), (b), or (c) apply.  R.C. 2929.14(C)(4).

**{¶18}** "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29, citing Crim.R. 32(A)(4).  "[A] word-for-word recitation of the language of the statute is not required," though, "and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

### 2. Standard of Review

**{¶19}** R.C. 2953.08(G)(2) defines the standard of review for felony-sentencing appeals.  *State v. Day*, 12th Dist. Warren No. CA2020-07-042 and CA2020-7-043, 2021-Ohio-164, ¶ 6.  As applicable here, R.C. 2953.08(G)(2) provides:

> The appellate court may take any action authorized by this division if it *clearly and convincingly* finds either of the following:
>
> (a) *That the record does not support the sentencing court's findings under* division (B) or (D) of section 2929.13, *division* (B)(2)(e) or *(C)(4) of section 2929.14*, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

(Emphasis added.)

**{¶20}** "The consecutive sentence statute, R.C. 2929.14(C)(4), is one of the relevant statutes specifically mentioned in R.C. 2953.08(G)(2)." *State v. Richey*, 12th Dist. Clermont Nos. CA2022-08-038 thru CA2022-08-041, 2023-Ohio-336, ¶ 12.  "Thus, there are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Shiveley*,

12th Dist. Clermont No. CA2022-04-017, 2022-Ohio-4036, ¶ 7. "The defendant can argue either that the imposition of consecutive sentences is contrary to law because the trial court failed to make the necessary consecutive sentence findings required by R.C. 2929.14(C)(4), or that the record does not support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4)." *Richey* at ¶ 12, *citing Shiveley* at ¶ 7. "These are the only two means that the legislature provided to defendants to challenge their consecutive sentences on appeal." *Id.*, *citing State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 11.

{¶21} In this appeal, Hunter does not dispute that the trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4). Hunter therefore concedes that the trial court's decision to impose consecutive sentences was not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). *Richey* at ¶ 13.

{¶22} Instead, Hunter argues—pursuant to R.C. 2953.08(G)(2)(a)—that the record does not support two of the trial court's consecutive sentence findings under R.C. 2929.14(C)(4). As we explained in *Richey*, the Ohio Supreme Court recently held that "[s]uch a challenge requires this court to review the record de novo and decide whether the record clearly and convincingly does not support the trial court's consecutive sentence findings." *Richey* at ¶ 13, citing *Gwynne* at ¶ 1. In conducting this de novo review, this court "essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance." *Gwynne* at ¶ 21.

{¶23} However, we are constrained "to considering only those consecutive sentence findings that the trial court actually made." *Richey* at ¶ 14, citing *Gwynne* at ¶ 21. "Therefore, upon a de novo review of the record, this court may reverse or modify consecutive sentences—including the number of consecutive sentences imposed by the trial court[,]" but only if we clearly and convincingly find "that the record *does not* support

the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4)." (Emphasis added.)  *Richey* at ¶ 14, citing *Gwynne* at ¶ 12.  This means that we may only reverse or modify consecutive sentences when we have "a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record."  *Gwynne* at ¶ 21.

## B. Analysis

**{¶24}** Hunter does not challenge the trial court's finding under R.C. 2929.14(C)(4) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *."  Nor does Hunter challenge the trial court's finding under R.C. 2929.14(C)(4) that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."[2]

**{¶25}** Instead, Hunter challenges the trial court's findings under R.C. 2929.14(C)(4)(b) and (c).  First, Hunter challenges the trial court's finding, nearly quoting R.C. 2929.14(C)(4)(b), that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the two or more of the multiple offenses so committed was great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the Defendant's conduct."

**{¶26}** Second, Hunter challenges the trial court's finding, nearly quoting R.C. 2929.14(C)(4)(c), that "the Defendant's criminal conduct—his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this Defendant."

---

2. Even if Hunter's appellate brief could be interpreted as stating that such findings were being challenged, the fact remains that Hunter makes no argument regarding these specific findings.  In any event, upon our de novo review we do not find that the record clearly and convincingly does not support *any* of the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).

{¶27} In support of these challenges, Hunter argues that his convictions in Cases 410 and 421 were his first felony convictions, that he had never been to prison before, and that there was no evidence indicating that the public needed to be protected from Hunter. He also argues that the two offenses were mere "property crimes" and were not so "great or unusual" that consecutive sentences were warranted.

{¶28} Upon our de novo review of the record, we disagree with Hunter's argument regarding the trial court's finding under R.C. 2929.14(C)(4)(b). The record reflects that Hunter was on either "probation" or community control sanctions through the Fairfield Municipal Court when he was charged with four felonies including grand theft of a motor vehicle and identity fraud. He subsequently pleaded guilty to two of those felony counts. In both cases Hunter entered a Planet Fitness athletic facility, deceptively stated that he needed to use the restroom, then searched the restroom/locker room area until he found car keys. He stole the keys, determined which vehicles they belonged to in the parking lot, and stole the vehicles. In one case the victim recounted that Hunter not only stole his vehicle, but also his debit card, which he tried to use to make a purchase. The victim further stated that Hunter also tried to cash the victim's payroll check, tried to charge $750 to Amazon, and caused "a lot of damage to my life." The victim explained that Hunter's acts left the victim with "severe anxiety," which led him to install a security system and to sign up for "Lifelock." In other words, Hunter engaged in a planned, premeditated—and repeated—effort to steal car keys from unsuspecting persons in a public place and to then use those keys to steal vehicles (and, necessarily, their contents). At least one of the victims was significantly affected by Hunter's acts. Hunter certainly committed the theft of motor vehicle offenses in a course of conduct, and the harm caused by the offenses was so great that no single prison term reflects the seriousness of his conduct.

{¶29} We also disagree with Hunter's argument that the offenses in Cases 410 and

421 to which he pleaded guilty were mere "property crimes" and were "not unusual at all." While the felony theft offenses with which Hunter was charged may not have been "unusual," R.C. 2929.14(C)(4)(b) does not require a finding that the offenses were "unusual." Rather, it requires a finding that the offenses were so "*great or* unusual" that no single prison term would "reflect[] the seriousness of the offender's conduct." (Emphasis added.) That is, "great" and "unusual" are stated as alternatives in the statute. Hunter was charged with and convicted of two felony theft offenses. The victim in Case 421 testified to the significant negative impact Hunter's criminal actions had caused him. Hunter committed the same offense when he stole the vehicle of the victim in Case 410. Hunter's acts caused great harm.

{¶30} For these reasons, we do not find that the record clearly and convincingly does not support the trial court's consecutive sentence finding under R.C. 2929.14(C)(4)(b).[3] *Gwynne*, 2022-Ohio-4607 at ¶ 12; *Richey*, 2023-Ohio-336 at ¶ 14.

{¶31} Because a trial court, in order to impose consecutive sentences, must make the two findings in the first paragraph of R.C. 2929.14(C)(4) (which findings Hunter does not challenge here) and *only one* of the three findings outlined in R.C. 2929.14(C)(4)(a), (b), or (c), our conclusion with regard to the trial court's finding under R.C. 2929.14(C)(4)(b) is sufficient for us to affirm the trial court's sentencing decision. We therefore do not need to consider the trial court's finding under R.C. 2929.14(C)(4)(c), which concerns Hunter's history of criminal conduct.

{¶32} However, although not presented as assigned error by Hunter or raised by the state, a review of the record does reveal a sentencing error. Our review of the judgment entry of conviction revealed that the trial court erred by failing to incorporate all R.C.

---

3. We are aware that our conclusion is awkwardly stated in the negative, or in the double negative. But this is what is required under *Gwynne*.

2929.14(C)(4) findings made at the hearing in the judgment entry of conviction. Specifically, while the court recorded its findings under R.C. 2929.14(C)(4)(c), it neglected to incorporate its findings under R.C. 2929.14(C)(4)(b).

**{¶33}** The Ohio Supreme Court has held, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law * * *." *Bonnell*, 2014-Ohio-3177 at ¶ 30. Instead, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.*

**{¶34}** To that end, although we find no error in the trial court's decision to impose consecutive sentences in this matter, we sustain Hunter's assignment of error as it relates to the trial court's failure to incorporate the consecutive sentence findings it made at the sentencing hearing into its sentencing entry. Therefore, we remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry to reflect the trial court's statutory findings under R.C. 2929.14(C)(4). "'Such an administrative correction does not necessitate a new sentencing hearing.'" *State v. Fridley*, 12th Dist. Clermont No. CA2016-05-030, 2017-Ohio-4368, ¶ 52, quoting *State v. Lung*, 12th Dist. Clermont No. CA2014-12-081, 2015-Ohio-3833, ¶ 20. The trial court's decision to impose consecutive sentences in all other respects is affirmed.

### III. Conclusion

**{¶35}** Upon our de novo review of the record, we do not find that the record clearly and convincingly does not support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4). However, we remand as described above for the issuance of a nunc pro tunc sentencing entry.

{¶36} Judgment affirmed in part, reversed in part, and remanded for the limited purposes of issuing a nunc pro tunc entry.

S. POWELL, P.J., and HENDRICKSON, J., concur.