[Cite as *State v. Burnett*, 2024-Ohio-1915.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

STATE OF OHIO,

      Appellee,

    - vs -

ADAM T. BURNETT,

      Appellant.

:
:
:
:
:
:

CASE NO. CA2023-06-010

D E C I S I O N
5/20/2024

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case Nos. CRI 20220162; CRI 20230007

Nick Adkins, Madison County Prosecuting Attorney, and Rachel Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

Culp, Parson, and Murray, LLC, and Joshua W. Beasley, for appellant.

**Per Curiam.**

{¶1} This cause came on to be considered upon a notice of appeal filed by appellant, Adam T. Burnett, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Madison County Court of Common Pleas, and upon the brief filed by appellant's counsel.

**{¶2}** Appellant's counsel has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," *Anders*, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

**{¶3}** Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

**{¶4}** However, our independent review reveals that we must remand the case to the trial court to correct a clerical error in the June 8, 2023 sentencing entry. While the trial court made the findings necessary for the imposition of consecutive sentences at the sentencing hearing, the judgment entry of sentence fails to include the trial court's finding that imposition of consecutive sentences is not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public. See R.C. 2929.14(C)(4). The consecutive sentencing findings must be made at the hearing and must be incorporated in the sentencing entry. *State v. Hunter*, 12th Dist. Butler No. CA2022-05-054, 2023-Ohio-1317, ¶ 32.

{¶5} A trial court's failure to incorporate the required consecutive sentence findings in the sentencing entry after making the findings at the sentencing hearing does not render the sentence contrary to law and the omission may be corrected through a nunc pro tunc entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30. The "The function of a nunc pro tunc entry is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 21, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147 (8th Dist. 1931). Therefore, we remand this matter for the trial court to issue a nunc pro tunc sentencing entry, incorporating the R.C. 2929.14(C)(4) finding that was made at the sentencing hearing. *See State v. Crawford*, 8th Dist. Cuyahoga No. 112191, 2023-Ohio-3791 (dismissing *Anders* appeal and remanding for the trial court to issue a nunc pro tunc order to correct clerical errors).

S. POWELL, P.J., M. POWELL and BYRNE, JJ., concur.

[Cite as *State v. Burnett*, 2024-Ohio-1915.]