[Cite as *State v. Ramirez*, 2026-Ohio-2226.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-12-130 |
| vs. | : | OPINION AND JUDGMENT ENTRY 6/15/2026 |
| DAVID SANCHEZ RAMIREZ, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2025-03-0370

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Law Offices of David A. Chicarelli, and Keali L. Chambers, for appellant.

## **O P I N I O N**

**M. POWELL, J.**

{¶ 1} Appellant, David Sanchez Ramirez, appeals the imposition of consecutive prison sentences by the Butler County Court of Common Pleas.

{¶ 2} On September 23, 2025, appellant pled guilty to five counts of sexual

battery, all third-degree felonies, for the sexual abuse of his teenage stepdaughter during a three-year period between March 2022 and March 2025 (Counts 4, 8, 10, 11, and 14). A sentencing hearing was held on November 10, 2025. The trial court noted it had reviewed a presentence-investigative report ("PSI"), the parties' respective sentencing memorandum, and the victim's impact statement. The court then heard from appellant, his wife, two of appellant's daughters, and the victim.

{¶ 3} Appellant expressed remorse for what he had done. Appellant's wife, the mother of the victim, told the court that appellant was a good person and a good father to their children and that he should not be severely punished. She asked for a lenient sentence to allow appellant to continue to work and take care of the family. Appellant's two daughters likewise asked for leniency, stating that appellant had been a good father and provider for the family. Defense counsel told the court that appellant was greatly remorseful and asked for a lenient sentence, emphasizing appellant's family responsibilities.

{¶ 4} The victim told the court that appellant had been a supportive and good father figure in her life and she asked the court to consider her younger siblings in crafting a sentence. The victim also told the court that appellant's actions caused her to have suicidal thoughts, and that "the only thing important to [her] was protecting [her] little sister from this ever happening to her." The prosecutor informed the court of appellant's efforts to commit and hide the crimes and that it happened multiple times. The prosecutor stated that appellant's actions were abhorrent and argued that appellant was "feigning remorse."

{¶ 5} Prior to imposing sentence, the trial court noted it had considered the record, appellant's guilty plea, the oral statements that were made at sentencing, the PSI, the R.C. 2929.11 purposes and principles of felony sentencing, and the R.C. 2929.12 seriousness and recidivism factors. Though acknowledging appellant's remorse, the trial

court also observed that appellant sought to minimize the offenses and shift the blame to the victim as evidenced by his statement in the PSI that "I never forced her to do anything, she wanted to do it, so I agreed even though I knew it was wrong." The trial court found that the victim was an innocent child and that it was appellant who initiated the instances of abuse and took the victim to hotels, his work, and out of school to facilitate the commission of the offenses. The trial court found that appellant's conduct was more serious than conduct normally constituting the offense due to the victim's young age and the serious psychological harm she suffered. The trial court also found that appellant used his relationship with the victim and his position of trust as her stepfather to gain access to her and commit the sexual abuse.

{¶ 6} The trial court sentenced appellant to 60 months in prison on Count 4 and to 48 months in prison each on Counts 8, 10, 11, and 14. The trial court ordered that the prison terms on Counts 4 and 14 run consecutively to each other, while Counts 8, 10, and 11 would run concurrently with each other and concurrently with all other counts, for an aggregate prison sentence of 108 months.

{¶ 7} Appellant now appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT'S SENTENCE OF CONSECUTIVE SENTENCES INSTEAD OF CONCURRENT SENTENCING WAS CLEARLY AN ABUSE OF DISCRETION.

{¶ 9} Appellant challenges the trial court's imposition of consecutive sentences, arguing that the trial court did not consider the leniency requests made by the victim and other witnesses at sentencing, appellant's lack of criminal history, and his low risk of reoffending.

**Standard of Review**

{¶ 10} As an initial matter, we note that contrary to the caption of appellant's

assignment of error, an appellate court "does not review the sentencing court's decision for an abuse of discretion." *State v. Janosky*, 2026-Ohio-158, ¶ 13 (12th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 10. Rather, a felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *Marcum* at ¶ 1. Under that provision, an appellate court may vacate or modify a prison sentence only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under certain specified statutory provisions such as R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b); *State v. Jones*, 2020-Ohio-6729, ¶ 28. "Thus, there are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Shiveley*, 2022-Ohio-4036, ¶ 7 (12th Dist.). "[T]he defendant can argue that  consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4), or the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4)." *Id*. *See also State v. Richey*, 2023-Ohio-336, ¶ 12 (12th Dist.).

**The Consecutive-Sentencing Framework**

{¶ 11} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Evans*, 2026-Ohio-1237, ¶ 84 (12th Dist.). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that at least one of the factors enumerated in R.C. 2929.14(C)(4)(a) through (c) applies. *Id.* As relevant here, division (c) requires a finding that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(c). All three steps must be completed before consecutive sentences may lawfully be imposed. *Evans* at ¶ 84.

{¶ 12} The Ohio Supreme Court has made clear that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Although a "word-for-word recitation of the language of the statute is not required," the reviewing court must be able to "discern that the trial court engaged in the correct analysis." *Id.* at ¶ 29. Where a trial court fails to make all required findings, "the imposition of consecutive sentences . . . is contrary to law" and the sentence must be vacated and the matter remanded for resentencing. *Id.* at ¶ 37; *State v. McKennelly*, 2017-Ohio-9092, ¶ 18 (12th Dist.).

**The Trial Court's Imposition of Consecutive Sentences**

{¶ 13} The record shows that the trial court made the findings required by R.C. 2929.14(C)(4) before imposing the consecutive sentences. At the sentencing hearing the court stated,

> The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender. The Court finds consecutive sentences are not disproportionate with the seriousness of the offender's conduct, and to the danger the offender poses to the public.
>
> The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any course of conduct adequately reflects the seriousness of the offender's conduct.

The trial court later incorporated these findings in its sentencing entry.

{¶ 14} Appellant does not dispute that the trial court made the necessary consecutive sentence findings required by R.C. 2929.14(C)(4). Appellant thereby concedes that the trial court's decision to impose consecutive sentences was not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). *Richey*, 2023-Ohio-336, at ¶ 13 (12th Dist.). Appellant instead argues that the record does not support the trial court's consecutive sentence findings under R.C. 2953.08(G)(2)(a), in light of the leniency requests made at sentencing, appellant's lack of criminal history, and his low risk of reoffending. Appellant asserts that a trial court must consider R.C. 2929.11 and "review the seriousness and recidivism factors [of R.C. 2929.12] in its imposition of consecutive versus concurrent sentences."

{¶ 15} In fashioning an appropriate sentence, a trial court must consider the R.C. 2929.11 principles and purposes of felony sentencing, which are to protect the public from future crime by the offender and to punish the offender. *McKennelly*, 2017-Ohio-9092, at ¶ 11 (12th Dist.). "R.C. 2929.12 addresses [seriousness and recidivism] factors to be taken into account when imposing a sentence under R.C. 2929.11." *Jones*, 2020-Ohio-6729, at ¶ 19. Unlike R.C. 2929.14(C)(4), "[n]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Id.* at ¶ 20; *State v. Smith*, 2015-Ohio-1093, ¶ 10 (12th Dist.).

{¶ 16} Appellant's assertion that a trial court must review the R.C. 2929.12 factors when determining whether to impose consecutive sentences conflates the R.C. 2929.12 factors with the R.C. 2929.14(C)(4) consecutive sentence findings and suggests the two statutory provisions apply simultaneously. However, that is not the case. The R.C. 2929.11 principles and purposes of felony sentencing and the R.C. 2929.12 seriousness and recidivism factors apply first and guide the trial court in determining what sentence should be imposed for each individual felony offense. Once the court determines the

sentence for each individual felony offense, R.C. 2929.14(C)(4) then sets forth the requisite findings the court must make to impose consecutive sentences.

{¶ 17} By referring to appellant's lack of criminal history and his low risk of reoffending, appellant effectively argues that the record does not support the trial court's consideration of the R.C. 2929.12 seriousness and recidivism factors. However, the trial court's consideration of the R.C. 2929.12 factors is not at issue in this appeal. Appellant has not separately assigned error with respect to the trial court's consideration of R.C. 2929.11 and 2929.12, his sole assignment of error challenges the trial court's imposition of consecutive sentences, and the R.C. 2929.11 purposes and principles of felony sentencing and the R.C. 2929.12 seriousness and recidivism factors are not considerations on whether a consecutive sentence is appropriate. *See State v. Harner*, 2020-Ohio-3071, ¶ 6, fn. 3 (12th Dist.), citing App.R. 16(A)(7) (disapproving an appellant's approach of raising issues that require different legal analyses under an assignment of error, instead of properly raising each specific issue in separate assignments of error. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments).

{¶ 18} Appellant also argues that the record does not support the trial court's consecutive sentence findings under R.C. 2953.08(G)(2)(a) in light of the leniency requests made by the victim and other witnesses at sentencing. Appellant never connects the victim's leniency request or the other requests for leniency to any of the R.C. 2929.14(C)(4) consecutive sentence findings. There is nothing in the language of R.C. 2929.14(C)(4) that suggests that a victim's view on sentencing is a consideration on whether a consecutive sentence should be imposed. It is not related to the need to protect the public or punish the offender, or whether a consecutive sentence is disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the

public. Likewise, that a victim favors mercy for an offender does not relate to whether the harm resulting from the offense was so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct. A sentencing court should place no greater weight upon a victim's expression of leniency than it does upon a victim's call for a harsh sentence.

{¶ 19} In light of the foregoing, we find that appellant has not demonstrated that the trial court's imposition of consecutive sentences was clearly or convincingly contrary to law or that the court's consecutive sentence findings were clearly and convincingly not supported by the record. As appellant has failed to demonstrate any error in the trial court's imposition of consecutive sentences under R.C. 2953.08(G)(2)(a), his assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


*/s/ Robert A. Hendrickson, Presiding Judge*


*/s/ Robin N. Piper, Judge*


*/s/ Mike Powell, Judge*